UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE APPLICATION OF PAUL C. RICHARDS AND STEPHEN P. WILLIAMS,<br><br>Applicants. | No.  2:16-mc-0069 AC<br><br>ORDER |

Applicants Paul C. Richards and Stephen P. Williams (collectively "Applicants") have applied to this Court ex parte for an order pursuant to 28 U.S.C. §1782, seeking leave to conduct discovery of documents by subpoena issued by this court for use in an action they have brought against a party in Zambia. "An ex parte application is an acceptable method for seeking discovery pursuant to § 1782." In re Roebers, 2012 WL 2862122, at *2 (N.D. Cal. Jul. 11, 2012). Subpoenaed parties may raise objections and exercise their due process rights by bringing motions to quash the subpoenas. In re Letters Rogatory from Tokyo Dist., Tokyo, Japan, 539 F.2d 1216, 1219 (9th Cir. 1976).

The court may issue subpoenas pursuant to §1782 where the applicant makes a *prima facie* showing that:  (1) the application is made by any "interested person," (2) the requested discovery is to be used in a proceeding in a foreign tribunal, and (3) the person or entity from which the discovery is sought is a resident of or to be found in the district of application.  In re Bayer AG, 146 F.3d 188, 193 (3rd Cir. 1998); see also In re Application of Ontario Principals'

Council, 2013 WL 6844545 (E.D. Cal. 2013).[1] In this case the applicants have made the requisite showing. The Applicants are interested persons because they each declare under penalty of perjury they have criminal complaints pending in Zambia to which the sought after documents are relevant. Declaration of Richards, ECR 1-1 at ¶2; Declaration of Williams, ECR 1-2 at 2. They have further declared that the discovery sought will be used in that proceeding and potentially in a related civil proceeding. ECR 1-1 at ¶ 4; ECR 1-2 at ¶ 4. And they identified the subpoenant as a resident of Chico, California, which is within the jurisdiction reach of this Court. ECR1-1 at ¶ 2; ECR 1-2 at ¶ 2.

Finally, the court has reviewed the factors that may impact its decision whether to issue the requested subpoenas as identified in Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 264-65, (2004),[2] and finds none of them offers a ground to refuse the request.

## ORDER

For the reasons explained above, it is HEREBY ORDERED AS FOLLOWS:

1. The Application, ECF No. 1, is hereby GRANTED;
2. Applicants may serve on Capital Partners Funding Group, Inc. subpoenas in substantially similar form to those attached as Exhibits A and B to the Application, setting a reasonable date for compliance;
3. Capital Partners Funding Group, Inc., and/or any other interested person may raise objections and/or move to quash or modify the subpoena, as appropriate, prior to the date by which compliance is requested. Before the filing of any motion, the parties,

---

[1] There is, however, no requirement that Applicants show either that the information sought is discoverable in the foreign proceeding or that United States law would permit the use of the discovery in domestic litigation. Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247 (2004).

[2] The factors are: "(1) whether the material sought is within the foreign tribunal's jurisdictional reach and thus accessible absent Section 1782 aid; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court jurisdictional assistance; (3) whether the Section 1782 request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the subpoena contains unduly intrusive or burdensome requests.

entities, or persons involved shall meet and confer in good faith in accordance with the Standing Orders and Local Rules of this Court;

4. Applicants shall serve a copy of this order on Capital Partners Funding Group, Inc. together with the authorized subpoenas.

DATED: May 20, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE